UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| TRAMAINE OWENS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHERIFF JOHN WILCHER, )<br>)<br>Defendant. ) | CV421-298 |

## ORDER

*Pro se* Plaintiff Tramaine Owens brought this action under 42 U.S.C. § 1983 alleging that he was exposed to feces on a cell wall and on officers' riot shields. *See* doc. 1 at 6-7. In Owens' first application to proceed *in forma pauperis* ("IFP"), he disclosed a prison trust account balance of $239.08, and a Wells Fargo bank account with a balance "[greater than or equal to] $2,000." Doc. 2 at 2. The Court directed him to amend his application, however, since Owens filed IFP applications in other cases the same month indicating that his Wells Fargo bank account has a balance "[less than or equal to] [$]2000," *Owens v. Wilcher*, CV421-295, doc. 2 at 2 (S.D. Ga. Oct. 8, 2021), and a balance "[greater than or

1

equal to] $2000," *Owens v. Wilcher*, CV421-300, doc. 2 at 2 (S.D. Ga. Oct. 12, 2021). Doc. 3 at 2-3.

Since Owens' second application to proceed IFP is also deficient, he is **DIRECTED** to amend his application within 14 days. Owens currently has four cases before the Court with pending IFP motions, including this case. *See Owens v. Wilcher*, CV421-295, doc. 2 (S.D. Ga. Oct. 8, 2021); *Owens v. Wilcher*, CV421-298, doc. 7 (S.D. Ga. Nov. 22, 2021); *Owens v. Wilcher*, CV421-299, doc. 2 (S.D. Ga. Oct. 12, 2021); *Owens v. Wilcher*, CV421-300, doc. 6 (S.D. Ga. Nov. 22, 2021). Since those IFP motions are similarly deficient, Owens is further **DIRECTED** to file a single motion to proceed IFP which applies to all four cases. To do so, he must list all four case numbers, listed above, on the completed form.

Owens' response to the Court's Order states that he does not "have [the] exact balance" of his bank account. *See* doc. 7 at 7. He indicates that he has sole authority to check the balance of his account and it "is in a constant state of slight increase," due to periodic payments. *Id.* He is, however, "certain that [his] bank account balance is less than two thousand dollars." *Id.* The Court acknowledges that Owens may have

some difficulty in ascertaining the precise balance of his account; however, he must, at least, estimate its balance more narrowly.

While a plaintiff need not be absolutely destitute to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), two important points must be underscored. First, proceeding IFP is a privilege, not an entitlement. *Harris v. Fed. Nat'l Mortg.*, 2018 WL 8665267, at *1 n.1 (S.D. Ga. Dec. 20, 2018) (citing *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993)). And second, courts have discretion to afford litigants IFP status; it's not automatic.  28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Harris*, 2018 WL 8665267, at *1 n.1 (citing *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items).

"The trial court must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between

eschewing a potentially meritorious claim or foregoing life's plain necessities. But, the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984) (internal cites omitted). A plaintiff with access to $1,950 is very differently situated than a plaintiff with access to $250, even though both have access to less than $2,000. Assuming that Owens has disclosed "less than two thousand dollars," because he believes the range of his balance to be somewhere within $500 of that figure, the Court is skeptical that he is entitled to proceed IFP.

In addition to the ambiguity concerning Owens' assets, there is also an apparent inconsistency in the information he provides concerning his expenses. In response to the form's question concerning his average expenses, Owens discloses that he pays no rent, but pays $2,000 per year in clothing, amounting to an average expenditure of more than $160 per month. Doc. 7 at 4. He also discloses $333 per month in "transportation" expenses. *Id.* Despite disclosing those expenses, he states that "[w]ithin

the last 12 months[, he has] only been in a non-incarcerated capacity for less than two months." *Id*. at 6.  It seems unlikely that Owens' expenses have remained at the disclosed levels, despite his incarceration. Assuming that, as he states, he continues to accrue income despite his incarceration, *id*. at 7, a decrease in his expenses could alter the Court's assessment of his eligibility to proceed IFP.

Given the doubts discussed above, the Court will afford Owens a further opportunity to clarify his financial position.  In that regard, he must again declare the facts he pleads to be true, and sign his name to that declaration—under penalty of perjury.  If he wishes to submit any material beyond the preprinted IFP form to respond (hence, if he uses a blank sheet of paper), he must insert this above his signature: "I declare under penalty of perjury that the foregoing is true and correct.  Executed on (date)."  28 U.S.C. § 1746(2).  The Clerk is **DIRECTED** to serve with this Order a blank IFP form for Plaintiff's convenience.  Failure to comply with this directive will result in a recommendation of dismissal on IFP-

deficiency grounds alone. *Kareem v. Home Source Rental*, 2014 WL 24347, at *1 (S.D. Ga. Jan. 2, 2014).

**SO ORDERED**, this 30th day of November, 2021.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA